

FILED

AUG 0 4 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 06-30012 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | OPINION AND ORDER |
| | \* | |
| JAMES EDWARD CLAIRMONT, | \* | |
| | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a motion for suppression of statements and evidence (Doc. 23) with a supporting memorandum (Doc. 24). U.S. Magistrate Judge Moreno conducted an evidentiary hearing on July 21, 2006, and filed and served a report and recommendation for disposition of the motion (Doc. 36). The Court has conducted a *de novo* review of the transcript of the hearing (Doc. 38), the videotape of a Pontiac Bonneville and laundromat located in Mission, SD, the transcript of the findings made on the record by the magistrate (Doc. 37), and all the files and records herein. This, of course, includes all exhibits from the evidentiary hearing. Defendant has filed objections (Doc.40) to the recommendations of the magistrate and the objections have been considered.

The government filed its response to the motion after the deadline previously set by this court. The magistrate, of course, could not and did not trump the scheduling order entered by the district court. Late filed responses should not and will not be considered. The magistrate ruled correctly in that regard and the tardy opposition of the government will not be considered. The defendant argues that the failure to file an opposition statement results in the defendant prevailing by default on the motion. I reject that contention. I am still required to consider and decide the merits of the motion.

It is clear that the defendant had no expectation of privacy as to anything he or the other guest left in the motel room upon checking out of the motel. He has no standing to object to what was there found. Such evidence will be admissible.

This court agrees with the observations of the magistrate that the statements allegedly made to Estes are troublesome. The magistrate also found that the testimony of Estes was not

"particularly credible" and should be discounted. It is clear that the defendant was not told he was or was not in custody while talking with Estes in the police vehicle. The defendant would have had a reasonable basis to think he was in custody or that he was about to be arrested. There was a significant display of police presence in connection with the interview, including the dog sniff of defendant's vehicle, numerous police vehicles blocking the defendant's car, thus not allowing him to leave in his vehicle with his laundry. Some of this frantic activity may have taken place after the allegedly incriminating statements were made but it was all part of a developing scene of overwhelming police activity directed toward the defendant. Defendant was told, prior to his interview, what the subject of the interview would be, that he did not have to talk with Estes, and that he could end the interview at any time. As I have noted, he was not informed that he was not under arrest and that he would not be arrested at the conclusion of the interview. Without question, he should have been so advised under all the circumstances present here.

It is a relatively simply matter for police officers to comply with Griffin. While I understand fully that there are other considerations apart from Griffin rights and that a failure to strictly comply with Griffin is not the "end-all", I disagree with the conclusions of the magistrate that there was not improper interrogation here, causing the statements to become involuntary. The overreaching attitude of the police officers is demonstrated by the supervisory agent for the Rosebud Sioux Tribal police department, walking into the laundromat and searching the laundry of the defendant without even asking to do so. Such conduct is outrageous.

The magistrate found that this case is "close to the edge" with respect to both custody and voluntariness. I find it is "over the edge." I find that the statements to Estes should be suppressed.

As the magistrate explains, it is very dubious whether there was sufficient evidence to arrest defendant for the tribal offense of possessing a loaded firearm while intoxicated. There was no direct evidence at all of intoxication by the defendant. For the purpose of obtaining the urine sample and taking charge of the loaded firearm, there was sufficient probable cause to proceed as the officers did. The magistrate discusses this evidence in Doc. 37. The presence in defendant's car of a beer bottle 75% empty provides probable cause that the defendant had been consuming alcohol. There is no evidence of any concrete standard on the Rosebud reservation as

to what constitutes "intoxication" as a result of the ingestion of illegal drugs. It is true that illegal drugs remain in a person's system for many hours, as the magistrate describes.

I also agree with the magistrate's decision to not suppress what was obtained as a result of the tribal search warrant.

There is no basis in law or in fact to suppress the items found in the defendant's automobile. I agree with the findings and the conclusions of the magistrate in that regard.

One of the objections should be sustained, the others overruled, the motion denied in part and granted in part, and the report and recommendation accepted in part and rejected in part. Now, therefore,

IT IS ORDERED, as follows:

1) The motion for suppression of evidence in the nature of statements (Doc. 23) made to officer Estes is hereby granted.

2) The balance of the motion (Doc. 23) is denied.

3) The report and recommendations (Doc. 36) and the findings made by the magistrate (Doc. 37) are adopted with the exception of the recommendation and the finding as to the statements allegedly made by the defendant to Estes.

4) The objections (Doc. 40) are overruled except as to the statements allegedly made to Estes.

Dated at Aberdeen, South Dakota, this 4th day of August, 2006.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                        DEPUTY
(SEAL)